PAMELA HARRIS, Circuit Judge,
concurring:
I join the majority’s opinion, which cogently explains the principles underlying Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and the federalism concerns that counsel federal respect for state convictions. And I agree that Griffin’s § 1983 suit cannot proceed consistent with Heck, at least unless and until his state conviction is invalidated.
As the majority explains, Griffin was on notice of the alleged Brady violation in his case at some point before August 4, 2011, the date on which the Baltimore City Circuit Court conducted a hearing on Griffin’s Brady claim, and yet did not pursue federal habeas relief then or during the additional sixteen months he spent in custody. Maj. Op. at 697-98.* Our court has not precisely delineated the scope of the Heck “exception” it recognized in Wilson v. Johnson, 535 F.3d 262, 265-68 (4th Cir.2008), and Covey v. Assessor of Ohio County, 777 F.3d 186, 197-98 & n. 11 (4th Cir.2015). But in a case like this, where the petitioner’s full term of custody was more than long enough to allow for access to habeas relief, see Maj. Op. at 696, then I agree that the exception can apply only if the petitioner could not have “practicably sought habeas relief’ during that period of custody, id. at 696 (quoting Covey, 777 F.3d at 197). And whether or not Griffin “practicably” could have sought habeas relief before he actually discovered the alleged Brady material, cf. Heck, 512 U.S. at 502, 114 S.Ct. 2364 (Souter, J., concurring) (suggesting that Heck bar does not apply “to a person who discovers after his release from prison that ... state officials deliberately withheld exculpatory material”), he has provided no explanation, in his pleadings or on appeal, as to why he could not have pursued habeas relief after that *700 discovery and before the termination of his custody. See Maj. Op. at 697.
Finally, I echo the majority’s clarification of. an important point: Our holding expresses no view on the merits of Griffin’s Brady claim and does not bar Griffin from seeking a remedy for any Brady violation he has suffered. Id. at 699. On Griffin’s account, his allegations were substantial enough that the Baltimore City Circuit Court was prepared to order a new trial unless the government agreed to his release from prison after more than thirty years served. If Griffin’s claim is indeed meritorious, then under Heck, it is the State of Maryland that has the authority and also the obligation to provide a remedy, or to invalidate Griffin’s conviction and allow a federal court to do so under § 1983 and free of the Heck bar.

 Citations to "Maj. Op.” refer to the majority slip opinion.